UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnny Hartwell, | ) | C/A No. 9:13-361-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Commissioner, R. Guy Vizzie, Jr., Parole Board; | ) | REPORT AND RECOMMENDATION |
| Commissioner James B. Fergusoo, Jr.; | ) | |
| Commissioner Jennifer Arena; | ) | |
| Commissioner Thomas P. Grant; | ) | |
| Commissioner Patrick M. Gallivan; | ) | |
| Commissioner Joseph P. Crangle; | ) | |
| Commissioner W. William Smith, Jr.; | ) | |
| Commissioner Henry Lemons, Jr.; | ) | |
| Commissioner Smith; | ) | |
| Commissioner Thompson; | ) | |
| Commissioner Crangle; | ) | |
| Andrea W. Evans, Chairman; | ) | |
| Raul Russi, Chairman, | ) | |
| | ) | |
| Defendants. | ) | |

Johnny Hartwell ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.  ECF No. 1, page 8. Plaintiff is an inmate at the Great Meadow Correctional Facility in Comstock, New York, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Plaintiff alleges constitutional violations associated with a denial of parole by members of the New York Parole Board.  *Id.* at 1–2.

Under established local procedure in this judicial district, a careful review has been made of  the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*



*Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

<u>Discussion</u>

Plaintiff sues numerous members of the New York Parole Board for alleged due process violations associated with the denial to him of parole. ECF No. 1 at 1–2. Plaintiff believes he "has made great strides while incarcerated to turn [his] life around", and that the Defendants failed to recognize Plaintiff's rehabilitation while imprisoned and have also failed to "to obtain the sentencing minutes and have them as part of the record during" parole review. *Id.* at 2, 6. The relief sought is unclear from the Complaint. However, to the extent Plaintiff is seeking release on parole, such relief is unavailable under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Further, if Plaintiff is seeking damages, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived

2



of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, assuming damages are the relief sought, Plaintiff has filed this case in the wrong venue.

Pursuant to 28 U.S.C. § 1391(b), a plaintiff's claim may "be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." In the instant action, none of the Defendants reside, or may be found, in the State of South Carolina and none of the acts giving rise to the Complaint occurred in this State. However, the case could have been brought in a district court in New York, where the Defendants are located, where the acts giving rise to this case occurred, and where, presumably, records and other evidence relevant to this action are maintained. *See* 28 U.S.C. § 1391. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." However, as discussed below, transfer of this action to the appropriate district court would not further the interests of justice. Rather, the case should instead be dismissed.

Each of the Defendants in this action is listed as either a Commissioner or Chairman of the New York Parole Board, all of whom allegedly denied Plaintiff  parole and failed to properly consider "sentencing minutes" or Plaintiff's rehabilitation during incarceration. ECF No. 1 at 1–2, 6. These Defendants are not liable to Plaintiff for these actions, however, as judicial officers have



3

absolute immunity from suit for the performance of their judicial duties. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). This absolute judicial immunity has been extended to parole officials, such as the Defendants in this case, who perform quasi-judicial functions comparable to those of judges. *Pope v. Chew*, 521 F.2d 400, 405–06 (4th Cir. 1975); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Hence, because absolute immunity is an immunity from suit, *Mireless*, 502 U.S. at 11, the Defendants in this action are all entitled to summary dismissal.[1]

Further, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, prisoners have no constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Cooper v. S.C. Dep't of Probation, Parole and Pardon Servs.*, 661 S.E.2d 106, 110 (S.C. 2008) ("[p]arole is a privilege, not a right")

---

[1] In addition to immunity from monetary damages, the Defendants are also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that either of these prerequisites for injunctive relief were met. *See Montero*, 171 F.3d at 761 (barring injunctive relief against a quasi-judicial official); *Gilmore v. Bostic*, 636 F. Supp. 2d 496, 506 (S.D. W. Va. 2009) (collecting cases).



(citation omitted); *see also Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (in New York, prisoner "plaintiffs have no liberty interest in parole"). The Fourth Circuit Court of Appeals has additionally cautioned that federal courts must allow state parole authorities wide discretion, *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977), and that a federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996).

"Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure - at most, a statement of reasons for the denial of parole." *Poore v. Underwood*, No. 00-7036, 2001 WL 117505, at *1 (4th Cir. Feb. 12, 2001)(citing *Vann*, 73 F.3d at 522). Here, the Complaint alleges that the Defendants provided Plaintiff a parole hearing and stated their reasons for denying parole to include a "reasonable probability that [Plaintiff] would not live and remain at liberty without further violations of the law." ECF No. 1 at 8. While Plaintiff alleges that such reasoning is flawed based on his years of rehabilitation and intention to live in Charleston, South Carolina, *id.*; *see also id.* at 7, the Complaint fails to provide any facts to establish the denial of a statement of reasons for parole or parole eligibility. *See Furtick v. S.C. Dep't of Probation*, *Parole & Pardon Servs.*, 576 S.E.2d 146, 149 (S.C. 2003) (holding that denial of parole eligibility may implicate a protected liberty interest). Thus, Plaintiff's claims would be subject to summary dismissal in any event.

Finally, the undersigned is constrained to note that Plaintiff failed to comply with an order directing him to provide the service documents necessary to even advance this case. ECF No. 6. Plaintiff submitted one summons form, a letter, and a motion for leave to proceed *in forma pauperis*, in response to the Court's order. ECF No.'s 8, 11, 12. However, Plaintiff failed to complete a

5



summons form listing all the Defendants named in this action and failed to provide Forms USM-285 for any of the Defendants. Because Plaintiff has failed to comply with an order of this Court, the case is also subject to summary dismissal on this basis. *See* Fed. R. Civ. P. 41(b) (allowing involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order").

Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint *without* prejudice and without service of process.

_____
Bristow Marchant
United States Magistrate Judge

April 10, 2013
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

